### EPSTEIN v. HUGEL.

(Supreme Court, Appellate Term, First Department. January 9, 1913.)

PARTNERSHIP (§ 54*)—EVIDENCE.

Evidence that plaintiff, who assisted at an operation on defendant, and G., who performed it, occupied the same house, is insufficient to establish partnership between them, as regards the defense that they were partners, and therefore, G. having been paid, plaintiff could not recover for his services.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 77, 79; Dec. Dig. § 54.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Albert Epstein against Samuel Hugel. From a judgment on a verdict for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued December term, 1912, before SEABURY, GUY, and GERARD, JJ.

Alfonse F. Spiegel, of New York City, for appellant.
Edward Phillips, of New York City, for respondent.

GERARD, J. Plaintiff in this case sued for his services, as a physician, rendered to defendant. It is uncontradicted that he visited defendant at Stamford, Conn., and thereafter the defendant was operated on by Dr. Goodman, head of the Mt. Sinai Hospital, and that plaintiff assisted at the operation.

It is claimed by the defendant that plaintiff, who was his cousin, when he called upon him, first called on him only in a social way, and defendant seems to have endeavored to meet plaintiff's claim for compensation by claiming that there was a partnership between Dr. Goodman and plaintiff, and that, having paid Dr. Goodman $500, he should pay nothing whatever to plaintiff for the services rendered by plaintiff at the operation. The only evidence adduced by defendant as to the existence of a partnership between plaintiff and Dr. Goodman was evi-

dence that the plaintiff and Dr. Goodman occupied the same house. The evidence is uncontradicted that plaintiff assisted, with several other physicians, at the operation, and that he personally administered the anæsthetic to defendant. I think that he, at any rate, is entitled to recover for this service.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.